Case 2:22-cv-08279-JLS-JEM   Document 9   Filed 11/21/22   Page 1 of 3   Page ID #:54



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:22-cv-08279-JLS-KEM                                         Date: November 21, 2022
Title:  JC Pacific Investment, LLC v. Simon Han et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  V.R. Vallery  |  N/A  |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 22STUD01290**

     Plaintiff JC Pacific Investment LLC filed this unlawful detainer action against Defendants Simon Han d/b/a Yuk-Ga Korean Cuisine and Does 1-10 on May 16, 2022 in Los Angeles County Superior Court, Case Number 22STUD01290.  (Complaint, Doc. 1.)  On November 3, 2022, Defendants removed this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Notice of Removal ("Notice"), Doc. 1 at 2.)  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  See *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court REMANDS this case to the Los Angeles County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

**CIVIL MINUTES – GENERAL**                                                                                                 **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08279-JLS-KEM                                                           Date: November 21, 2022
Title:  JC Pacific Investment, LLC v. Simon Han et al

1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Defendants assert that removal is proper on the basis of federal question jurisdiction because it arises under 11 U.S.C. § 362 and 15 U.S.C. § 1667.  (Notice at 2.)  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).  Because Plaintiff's complaint contains only an unlawful detainer action based on California Civil Procedure Code section 1161 (Complaint at 20-25) a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, 2009 WL 3157411, at *1 (C.D. Cal. Sept.2 4, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").  Accordingly, removal pursuant to 28 U.S.C. § 1331 is improper.

Defendants assert that they filed for bankruptcy in federal district court on August 8, 2022.  (Notice at 2.)  While federal district courts have original and exclusive jurisdiction over cases brought under Title 11 of the bankruptcy code, *see* 28 U.S.C. § 1334, this unlawful detainer action arises under state law, not the bankruptcy code.  *See U.S. Bank. Nat'l Assoc. v. Azam*, No. 13-633, 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013).

Nor is removal proper under civil rights or diversity jurisdiction.  To show that removal under section 1443 is appropriate, Defendants must "reference … a state statute or a constitutional provision that purports to command the state courts to ignore the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08279-JLS-KEM                                         Date: November 21, 2022
Title:  JC Pacific Investment, LLC v. Simon Han et al

federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Defendants' Notice of Removal does not identify any state statute or constitutional provision that commands state courts to ignore their federal rights.  Accordingly, removal pursuant to 28 U.S.C. § 1443 is improper here.  For diversity jurisdiction, the amount in controversy must "exceed[] the sum or value of $75,000" and the parties must be diverse.  28 U.S.C. § 1332.  Here, the Plaintiffs have set forth nothing to show that the parties are diverse or that the amount in controversy requirement is met.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.").

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Los Angeles County Superior Court, Case No. 22STUD01290.

Initials of Deputy Clerk: vrv